No. 17-35640

**In the United States Court of Appeals
for the Ninth Circuit**

**Chamber of Commerce of the United States of America, et al.**,
*Plaintiffs-Appellants*,

v.

**City of Seattle, et al.**,
*Defendants-Appellees*.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

**DEFENDANTS-APPELLEES' OPPOSITION TO MOTION OF LYFT, INC.
FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE**

PETER S. HOLMES
  *Seattle City Attorney*
GREGORY C. NARVER
MICHAEL K. RYAN
SARA O'CONNOR-KRISS
JOSH JOHNSON
  *Assistant City Attorneys*
Seattle City Attorney's Office
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
(206) 684-8200

STEPHEN P. BERZON
STACEY M. LEYTON
P. CASEY PITTS
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, CA 94108
(415) 421-7151

*Attorneys for Defendants-Appellees City of Seattle et al.*

## DEFENDANTS-APPELLEES' OPPOSITION TO MOTION OF LYFT, INC. FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE

Lyft, Inc. ("Lyft") seeks this Court's leave to file an amicus brief in support of Plaintiffs-Appellants' Emergency Motion for an Injunction Pending Appeal, Dkt. No. 6. Yet Lyft is *already* a real party in interest in this litigation: Plaintiff-Appellant the Chamber of Commerce of the United States ("Chamber") brought this action on behalf of Lyft (as well as two other members), premised its standing to assert the claims in this action on Lyft's status as a Chamber member, and relied upon declarations from Lyft to support its claims. In this context, permitting Lyft to file an amicus brief in support of the Emergency Motion—especially one that merely revisits federal antitrust issues directly addressed in Plaintiffs-Appellants' motion and attempts to supplement Plaintiffs-Appellants' inadequate showing of irreparable injury with additional arguments unsupported by evidence—would bless an end-run around the rules limiting parties' submissions and requiring the parties seeking an injunction to satisfy the relevant evidentiary burdens themselves. Accordingly, Defendants-Appellees respectfully request that the Court deny Lyft's motion for leave to file an amicus curiae brief in support of Plaintiffs' Emergency Motion.

## ARGUMENT

As a general matter, Defendants-Appellees have no objection to the filing of amicus briefs by third parties to this litigation, and have consented to the amicus

1

brief filed by six law professors (notwithstanding the compressed time frame for Defendants-Appellees to respond to such briefs). *See* Dkt. No. 10-2, at iv.

Lyft's request to file an amicus brief, however, presents unique issues, because the Chamber is acting specifically *on Lyft's behalf* in litigating this case. From the outset of this litigation, the Chamber has identified Lyft as one of the three Chamber members whose interests the Chamber seeks to vindicate through this lawsuit. *See* Appendix, Dkt. No. 6-3 ("App."), at 6a-7a (Amended Complaint ¶¶17, 19). The Chamber relied upon Lyft's status as a Chamber member to establish its standing to pursue its legal challenge to the Ordinance, and the District Court relied upon Lyft's status as a Chamber member in granting the Chamber a preliminary injunction. *See* App. 60a (Order Granting Motion for Preliminary Injunctive Relief) (assuming that the Chamber can establish associational standing based on threatened injury to Chamber members Lyft, Uber, and Eastside for Hire); App. 76a-80a (Order Granting Defendants' Motion To Dismiss) (finding associational standing based on threatened injury to Chamber members Lyft, Uber, and Eastside for Hire).

Consistent with that position, the Chamber submitted multiple declarations from Lyft in support of its motion for a preliminary injunction. *See* App. 39a-47a (declaration of general manager for Lyft's Seattle office in support of preliminary injunction motion); App. 228a-231a (second declaration of general manager for

2

Lyft's Seattle office in support of preliminary injunction motion). The Chamber has continued to rely upon Lyft's status as a Chamber member, as well the declarations submitted by Lyft, in its briefing to this Court. *See* Dkt. No. 6, at vi, ix, 22.

Where an association like the Chamber premises its standing to pursue litigation on particular members of the association like Lyft, those members are the real parties in interest in the litigation. For that reason, in considering whether diversity jurisdiction is present in a case involving associational standing, federal courts consider the citizenship of the *members* upon whose behalf an association is pursuing its claims, rather than the citizenship of the association itself. *American Land Title Ass'n v. Great American Ins. Co.*, Case No. C-05-4365, 2006 WL 1329782, at *4 (N.D. Cal. 2006); *Zee Medical Distributor Ass'n v. Zee Medical, Inc.*, 23 F.Supp.2d 1151, 1155-56 (N.D. Cal. 1998) (citing numerous cases). That is because when an association "sues solely in a representative capacity it is not the 'real party to the controversy[.]'" *Id.* at 1156. Rather, the members of the association are the real parties. *Id.*

Accordingly, far from being a "non-party" whom Defendants-Appellees seek to "muzzle," as Lyft contends, Motion for Leave to File Brief as Amicus Curiae ("Mot.") at 7, Lyft is the very party upon whose behalf this lawsuit has been brought. Permitting such a real party in interest to file an amicus brief solely

3

because the associational representative has taken positions that do not "fully reflect [the real party's] views," Mot. at 4, would create a significant loophole in the rules governing party briefing, permitting real parties to use amicus briefs to provide legal or factual arguments that should properly be included in the party briefing.[1]

Lyft's proposed amicus brief demonstrates the very problems created by permitting real parties in interest on whose behalf an association has brought suit to use the amicus process to supplement that association's briefing. By its own admission, Lyft submits the brief for two purposes: first, to make an argument about foreseeability that it believes to be inadequately presented in Plaintiffs-Appellants' discussion of the requirements for "state action" antitrust immunity, and second, to introduce additional evidence of the irreparable harm that will

---

[1] All but one of the cases Lyft cites as purported authority that its participation as an amicus would be proper here, *see* Mot. at 5, involve associations with overlapping membership, not, as here, a member of an association seeking amicus status in a case where the association itself is already a party. *See Int'l Franchise Ass'n v. City of Seattle*, 803 F.3d 389 (9th Cir. 2015); *O'Bannon v. NCAA*, 802 F.3d 1049 (9th Cir. 2015); *Am. Bankers Ass'n v. Gould*, 412 F.3d 1081 (9th Cir. 2005). They are thus wholly inapposite. Further, while Lyft apparently presumes that the amici in its cited cases were members of the associational party (or, in all but one, associations whose membership overlapped with that of the associational party), none of the cases specifically address that issue. Certainly none of the cases are on all fours with the situation here, where an associational plaintiff has premised its standing on the association member seeking to file an amicus brief. Finally, in none of the cases does it appear that the motion for leave to participate as amicus was contested. The decisions therefore do not address the issue of whether such participation is proper.

purportedly occur if the Ordinance takes effect pending appeal, Mot. at 2-3. In seeking to supplement Plaintiffs-Appellants' briefing regarding state action immunity, however, Lyft simply seeks to avoid the length limits imposed upon the parties (which this Court has already extended for Plaintiffs-Appellants), which often necessitate that weaker arguments be given less time or attention.[2]

Likewise, this Court has made it clear that *the party seeking injunctive relief* "must proffer evidence sufficient to establish a likelihood of irreparable harm." *Herb Reed Enterprises, LLC v. Florida Enter. Mgmt., Inc.*, 736 F.3d 1239, 1251 (9th Cir. 2013). Lyft seeks to help Plaintiffs-Appellants improve upon their inadequate showing of irreparable harm, but amicus briefs asserting speculative facts without any evidentiary foundation[3]—much less an evidentiary foundation

---

[2] Plaintiffs-Appellants devoted 11 pages of their motion to the "clear articulation" requirement for "state action" immunity addressed in Lyft's proposed amicus brief, including by asserting that the requirement is satisfied only if the state legislature "affirmatively contemplate[d]" the precise form of regulation at issue, Dkt. No. 6, at 5—an argument identical to the argument Lyft makes here. That Plaintiffs-Appellants did not give the argument greater prominence likely reflects their acknowledgement that the Supreme Court has specifically held that "state action" immunity *can* extend to regulatory responses that were "unforeseeable" to the legislature at the time it enacted the relevant authorizing statute. *Southern Motor Carriers Rate Conf., Inc. v. United States*, 471 U.S. 48, 64 (1985).

[3] *See, e.g.*, Proposed Lyft Amicus Br., Dkt. No. 9, at 9 (premising claim of irreparable injury on the "views" Lyft believes the Teamsters "will be advocating" in discussions with drivers, the possible response of its drivers to a potential organizing campaign, and the potential terms of an agreement between Lyft and an exclusive driver representative).

that was properly tested in the District Court—cannot take the place of a proper *evidentiary* showing by the party seeking injunctive relief. This Court should not open the door to allowing entities whose membership in an association provides the basis for associational standing to circumvent the federal rules that require parties to file a single brief, that impose page limitations upon party motions or briefs, and that require parties to present evidence to support factual assertions.[4]

## CONCLUSION

For the foregoing reasons, the Court should deny Lyft's motion to file an amicus brief. If the Court grants Lyft's motion and is inclined to rely upon Lyft's arguments to grant an injunction pending appeal, it should provide the City with an opportunity to respond to those arguments.

---

[4] Lyft's proposed amicus brief also does not comply with the formatting requirements of the Federal Rules and this Circuit's Local Rules, but Lyft has not sought leave to file a non-compliant brief. Lyft's brief is 2,788 words. Dkt. No. 9, at 14. Under Federal Rules of Appellate Procedure 27(d)(2)(A) and 29(a)(5), however, an amicus brief in support of a motion that is "produced using a computer" is limited to 2,600 words (half of the word limit imposed upon the parties' motion and response). Lyft apparently believes that Federal Rule of Appellate Procedure 27(d)(2)(B) permits an amicus brief of up to 10 pages, and that Ninth Circuit Rule 32-3(2) therefore permits it to file an amicus brief of up to 2,800 (280 times 10) words. But the 10-page limit established by Rule 27(d)(2)(B) applies only to documents that are "handwritten or typewritten," while documents "produced using a computer" are subject to the separate *word* limit established by Rule 27(d)(2)(A). Further, the formula established by Ninth Circuit Rule 32-3(2) applies only to page limits established "by order or rule of this Court," while the word and page limits established in Rule 27(d)(2) are not established by any "order or rule" of the Ninth Circuit. There is no justification for Lyft's failure to comply with the relevant Federal Rules.

Respectfully submitted,

Dated: September 5, 2017

*/s/ Michael K. Ryan*
Michael K. Ryan
Gregory Colin Narver
Sara Kate O'Connor-Kriss
Josh Johnson
SEATTLE CITY ATTORNEY'S OFFICE

Stephen P. Berzon
Stacey M. Leyton
P. Casey Pitts
ALTSHULER BERZON LLP

*Attorneys for Defendants-Appellees City of Seattle, Seattle Department of Finance and Administrative Services, and Fred Podesta*

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2017, I electronically filed the foregoing DEFENDANTS-APPELLEES' OPPOSITION TO MOTION OF LYFT, INC. FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. I further certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/Stacey M. Leyton
Stacey M. Leyton