No. 17-35640

**In the United States Court of Appeals
for the Ninth Circuit**

**Chamber of Commerce of the United States of America, et al.**,
*Plaintiffs-Appellants*,

v.

**City of Seattle, et al.**,
*Defendants-Appellees*.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

**DEFENDANTS-APPELLEES' OPPOSITION TO MOTION OF *CLARK*
PLAINTIFFS FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE**

PETER S. HOLMES
  *Seattle City Attorney*
GREGORY C. NARVER
MICHAEL K. RYAN
SARA O'CONNOR-KRISS
JOSH JOHNSON
  *Assistant City Attorneys*
Seattle City Attorney's Office
701 Fifth Avenue, Suite 2050
Seattle, WA  98104
(206) 684-8200

STEPHEN P. BERZON
STACEY M. LEYTON
P. CASEY PITTS
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, CA  94108
(415) 421-7151

*Attorneys for Defendants-Appellees City of Seattle et al.*

## DEFENDANTS-APPELLEES' OPPOSITION TO MOTION OF *CLARK* PLAINTIFFS FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE

Proposed amici Clark et al. ("Proposed *Clark* Amici") are plaintiffs in a separate case challenging the Seattle Ordinance that the District Court dismissed with prejudice on August 24, 2017. *See* Order Granting Defendants' Motion To Dismiss, Dkt. No. 47, *in Clark v. City of Seattle*, No. 2:17-cv-00382-RSL (W.D. Wash. Aug. 24, 2017). They recently filed a motion for a stay pending appeal in their own case, and that motion is now pending in the District Court. *See* Plaintiffs' Motion for an Injunction Pending Appeal, Dkt. No. 51, *in Clark v. City of Seattle*, No. 2:17-cv-00382-RSL (W.D. Wash. Aug. 30, 2017). But instead of allowing the District Court the first opportunity to rule on such a motion, as the Federal Rules require, they seek to leapfrog that required step in the process by raising their own claims from their separate case via a motion for leave to file an amicus brief in support of Plaintiffs-Appellants' emergency motion for an injunction pending appeal. Dkt. No. 11-1. This Court should deny the Proposed *Clark* Amici's request, and permit their issues to be addressed in their separate appeal.

## ARGUMENT

As a general manner, Defendants-Appellees have no objection to the filing of amicus briefs by third parties to the instant case, and have consented to the amicus brief filed by six law professors (notwithstanding the compressed time frame for Defendants-Appellees to respond to such briefs). *See* Dkt. No. 10-2, at iv. However,

1

the attempt to circumvent the required process by the Proposed *Clark* Amici, who have challenged the Ordinance on different legal grounds than the Plaintiffs-Appellants and have their own opportunity to seek an injunction pending appeal in their case but prefer to piggyback on this one because it is on a faster track, should be denied.[1]

Besides attempting to circumvent the required process, the proposed amicus brief will not aid this Court's consideration of the emergency motion, because it addresses the claims and harm at issue in the *Clark* case, rather than the instant one. The emergency motion filed in this case seeks an injunction pending appeal based on a federal antitrust claim and a National Labor Relations Act (NLRA) *Machinists* preemption claim. But Proposed *Clark* Amici do not seek to appraise this Court of issues relevant to evaluating the merits of those claims. Instead, they expressly acknowledge that their amicus brief addresses "other legal challenges to the Ordinance," under the First Amendment and the NLRA's secondary boycott prohibition, while admitting that the proceedings regarding the emergency motion "may not be the place to resolve the merits" of those separate claims. Dkt. No. 11-1, at 3; *see also* Dkt. No. 11-2, at 1 (noting they "are challenging the Ordinance's

---

[1] Proposed *Clark* Amici waited six days after the order dismissing their case to file a motion for an injunction in the District Court. Even then, rather than seeking to fast-track their motion by filing an *ex parte* application to shorten time on it, they filed a regularly noticed motion, with a noting date of September 15, 2017.

2

legality …on different grounds than those presented here"). Proposed *Clark* Amici are unlikely to succeed on appeal on those claims, as demonstrated in the District Court's well-reasoned opinion. *See* Order Granting Defendants' Motion To Dismiss, Dkt. No. 47, *in Clark v. City of Seattle*, No. 2:17-cv-00382-RSL (W.D. Wash. Aug. 24, 2017). But more importantly, the *Clark* Amici's likelihood of success on appeal on claims not presented in this appeal is wholly irrelevant to the instant emergency motion.[2]

Denying the Proposed *Clark* Amici's motion for leave to file an amicus brief would in no way prejudice them. Instead, it would simply require them to pursue their own legal challenges to the Ordinance in their own separate lawsuit.[3] As proposed amici admit, they have already moved the District Court for an injunction pending appeal (without seeking expedited consideration of that motion), and will have every opportunity to file a motion in this Court should the District Court deny

---

[2] In addition, Proposed *Clark* Amici's speculative assertions of harm to the eleven individual drivers, *see* Dkt. No. 11-2, at 3-7, are irrelevant to whether Plaintiffs in the instant case have demonstrated the irreparable injury *to themselves* that is required for an injunction pending appeal. *Herb Reed Enterprises, LLC v. Florida Enter. Mgmt., Inc.*, 736 F.3d 1239, 1251 (9th Cir. 2013). In any event, the only allegedly imminent harm the proposed amici identify is an infringement of their "common law privacy interests" from releasing their names and contact information to a union. Dkt. 11-2, at 4. But as the District Court recognized, the information in those lists is not confidential. *See* App. 73a. To the contrary, it is already publicly available. *See, e.g.*, Defendants-Appellees' Supplemental Appendix 176-77.

[3] Proposed *Clark* Amici could have sought to intervene in the instant case in order to assert their own claims, or to consolidate the two cases challenging the Ordinance, but chose not to do so.

3

that request. Considering the Proposed *Clark* Amici's claims in the context of their own lawsuit, rather than in the context of a different lawsuit involving entirely different claims, will provide this Court with the benefit of a full evidentiary record, complete briefing by the parties on all issues, and the careful analysis of the proposed amici's claims by the District Court. *See* Order Granting Defendants' Motion To Dismiss, Dkt. No. 47, *in Clark v. City of Seattle*, No. 2:17-cv-00382-RSL (W.D. Wash. Aug. 24, 2017). There is no reason for this Court to short-circuit that process or to allow Proposed *Clark* Amici to skip over the District Court, in the context of an amicus brief in a lawsuit raising different claims.

## CONCLUSION

For these reasons, the Court should deny Proposed *Clark* Amici's motion to file an amicus brief. If the Court grants the motion and is inclined to rely upon Proposed *Clark* Amici's arguments to grant an injunction pending appeal, it should provide the City with an opportunity to respond to those arguments.

                                              Respectfully submitted,

Dated: September 5, 2017               */s/ Michael K. Ryan*
                                                Michael K. Ryan
                                                Gregory Colin Narver
                                                Sara Kate O'Connor-Kriss
                                                Josh Johnson
                                                SEATTLE CITY ATTORNEY'S OFFICE

                                                Stephen P. Berzon
                                                Stacey M. Leyton
                                                P. Casey Pitts

5

ALTSHULER BERZON LLP

*Attorneys for Defendants-Appellees City of Seattle, Seattle Department of Finance and Administrative Services, and Fred Podesta*

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2017, I electronically filed the foregoing DEFENDANTS-APPELLEES' OPPOSITION TO MOTION OF *CLARK* PLAINTIFFS FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. I further certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/Stacey M. Leyton
Stacey M. Leyton