No. 17-35640

In the United States Court of Appeals
for the Ninth Circuit

CHAMBER OF COMMERCE OF THE
UNITED STATES OF AMERICA and
RASIER, LLC,

*Plaintiffs-Appellees*,

v.

CITY OF SEATTLE, *et al.*,

*Defendants-Appellants*.

**Appellants' Motion To
Expedite Briefing And Argument**

Lily Fu Claffee
Kate Comerford Todd
Steven P. Lehotsky
Warren Postman
U.S. CHAMBER
LITIGATION
CENTER
1615 H Street, N.W.
Washington, D.C. 20062
(202) 463-3187
slehotsky@uschamber.com

Michael A. Carvin
Jacqueline M. Holmes
Christian G. Vergonis
Robert Stander
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
(202) 879-3939
mcarvin@jonesday.com

*Attorneys for Appellant
Chamber of Commerce of the
United States of America*

*Additional Counsel On Inside Cover*

Douglas C. Ross
Robert J. Maguire
DAVIS WRIGHT
TREMAINE LLP
1201 Third Avenue,
Suite 2200
Seattle, WA 98101
(206) 622-3150
robmaguire@dwt.com

*Attorneys for Appellant
Rasier, LLC*

Timothy J. O'Connell
STOEL RIVES LLP
600 University Street,
Suite 3600
Seattle, WA 98101
(206) 624-0900
Tim.oconnell@stoel.com

*Attorney for Appellant
Chamber of Commerce of the
United States of America*

# APPELLANTS' MOTION TO
# EXPEDITE BRIEFING AND ARGUMENT

The Seattle Ordinance challenged in this appeal is poised to cause immediate irreparable harm to members of the Chamber of Commerce if this Court denies the pending emergency motion for injunction pending appeal. Doc. 6-1. If implemented, various provisions of the Ordinance will impose worsening forms of irreparable harm. To minimize the harm imposed during this appeal, Appellants (collectively, "the Chamber") ask the Court to expedite briefing and argument.

## BACKGROUND

Seattle Ordinance 124968 authorizes for-hire drivers who are independent contractors to unionize and collectively bargain with companies that provide ride-referral services, such as the services provided by the popular Uber and Lyft smartphone applications. App. 57, 119–34.[1] As the Chamber's complaint explains, the Ordinance is preempted by federal antitrust law because it authorizes independent contractors to form a cartel and fix prices through collective bargaining, and the Ordinance does not qualify for state-action immunity. App. 3–5, 18–23. The Ordinance is also preempted under the National Labor Relations Act, which excludes independent contractors from collective bargaining at federal and local levels. *Id.*

---

[1] "App." citations refer to the appendix filed with the Chamber's emergency motion for injunction pending appeal in this case on August 28, 2017. Doc. 6-1 (Motion); Doc. 6-2 (Declaration of Brooke Steger); Doc. 6-3 (Appendix).

1

The district court preliminarily enjoined the Ordinance because the Chamber had demonstrated "serious questions" on the merits of its antitrust claim. App. 60–62. The Ordinance is "a price-fixing scheme" under antitrust law, App. 61, and the Chamber has shown "serious questions regarding both prongs of the immunity analysis," App. 62. Further, if Appellees (together, "the City") are allowed to implement the Ordinance, the Chamber's members will suffer irreparable harm. App. 73. These members include Uber Technologies (whose subsidiary is Appellant Rasier, Inc.), Lyft, Inc., and Eastside for Hire. App. 6–7.

Most immediately, the Ordinance will compel the Chamber's members to disclose to the Teamsters Union confidential lists of for-hire drivers who use each member's ride-referral service. App. 73, *see also* App. 221–24. The Teamsters will use that information to attempt to unionize the for-hire drivers through a disruptive and costly election campaign. *Id.* The Ordinance will ultimately require the Chamber's members to enter into collective bargaining agreements with independent contractor drivers, which will destroy the business model of these companies and potentially preclude them from operating in Seattle. *Id.* The district court also concluded that the balance of hardships tips sharply in the Chamber's favor, given the "competitive injury caused by the disclosure of a subset of prolific drivers and the potential destruction of the existing business model," and the City's inability to "articulate[] any harm that will arise from an injunction" aside from a delay "of its internal time line." *Id.* Finally, the court concluded, the public interest supports an injunction. *Id.*

2

The City appealed from that order. The preliminary-injunction appeal is fully briefed in this Court. No. 17-35371. The City also filed a motion to dismiss in the district court. Despite the pending appeal, the district court ruled on the motion and reversed course, now concluding that the Chamber failed to state a claim. App. 102. In the court's newly adopted view, state-action immunity shielded the City from federal antitrust law. App. 81–90.

The Chamber immediately asked the district court for an injunction pending appeal. App. 103. Despite previously concluding that enforcing the Ordinance would cause irreparable harm, the district court refused to enjoin it. App. 109–111. The court dissolved the preliminary injunction on August 24, 2017, allowing the Ordinance to take immediate effect and rendering the preliminary-injunction appeal moot. *See* No. 17-35371, Doc. 41 (Appellants' motion for voluntary dismissal).[2]

The next day, the City informed the Chamber's members that the City would require them to disclose their driver lists on Wednesday, August 30, 2017. *See* Doc. 6-2 at 2. Concerned about the irreparable injury to its members, the Chamber filed an emergency motion with this Court on August 28, 2017, for an injunction pending appeal. Doc. 6-1. This Court temporarily enjoined the Ordinance on August 29, pending resolution of the emergency motion. Doc. 8.

---

[2] The Court formally dissolved the injunction in an order granting the City's motion to dismiss a separate challenge to the Ordinance brought by a group of for-hire drivers. *Clark v. City of Seattle*, No. 2:17-cv-00382 (Aug. 24, 2017), Doc. 47 at 10.

3

## ARGUMENT

Expedited briefing and argument "will be granted upon a showing of good cause." 9th Cir. Rule 27-12. This includes circumstances in which, "in the absence of expedited treatment, irreparable harm may occur." *Id.*

If this Court denies the Chamber's emergency motion to enjoin the Ordinance, the City's enforcement of the Ordinance will certainly cause irreparable harm. App. 73, 221–24. And if the appeal is not expedited, the irreparable harm will expand and worsen. The harm will begin when the City compels the Chamber's members to disclose—irrevocably—their confidential list of independent-contractor drivers. App. 37, 46, 55; Doc. 6-2 at 2. The harm will morph and increase when the Teamsters use that information to wage a costly and disruptive union-election campaign. App. 73, 221–24. The harm will peak when the Ordinance compels the Chamber's members to enter into collective bargaining agreements with the drivers' union. *Id.* Unless the Court expedites the appeal, each of these irreparable harms is likely to occur before this Court can adjudicate the Ordinance's validity.

Conversely, if the Court grants the Chamber's emergency motion, expedited briefing and argument is still warranted. The City took the position below that delay in implementing the Ordinance will cause irreparable harm. Regardless of the outcome of the emergency motion, therefore, rapid resolution of this dispute will benefit all parties.

4

The Chamber proposes the following briefing schedule:

- September 29, 2017 – opening brief and excerpts of record
- October 30, 2017 – answering brief and supplemental excerpts of record
- November 13, 2017 – reply brief

The Chamber also asks the Court to expedite argument. The Court previously informed the parties of its plans to place the related preliminary-injunction appeal on the December 2017 Seattle argument calendar. No. 17-35371, Doc. 37. The parties agree that the preliminary-injunction appeal is now moot, and the City has moved to dismiss that appeal. No. 17-35371, Doc. 41. The Chamber therefore proposes that the Court substitute this merits appeal for the preliminary-injunction appeal on the December 2017 argument calendar.

Counsel for the Chamber has conferred with counsel for the City, who has represented that the City generally agrees to an expedited schedule but believes the Chamber's proposed schedule would not allow the panel adequate time to prepare or amici adequate time to weigh in.

## CONCLUSION

For the foregoing reasons, the Court should grant the motion to expedite briefing and argument and should resolve this appeal as expeditiously as possible.

| | |
|---|---|
| September 5, 2017 | Respectfully submitted, |️
| | |
| | /s/ Michael A. Carvin |
| Douglas C. Ross | Michael A. Carvin |
| Robert J. Maguire | Jacqueline M. Holmes |
| DAVIS WRIGHT TREMAINE LLP | Christian G. Vergonis |
| 1201 Third Avenue, Suite 2200 | Robert Stander |
| Seattle, WA 98101 | JONES DAY |
| (206) 622-3150 | 51 Louisiana Avenue, N.W. |
| (206) 757-7700 FAX | Washington, D.C. 20001 |
| robmaguire@dwt.com | (202) 879-3939 |
| | (202) 616-1700 FAX |
| *Attorneys for Plaintiff Rasier, LLC* | mcarvin@jonesday.com |

Lily Fu Claffee
Kate Comerford Todd
Steven P. Lehotsky
Warren Postman
U.S. CHAMBER LITIGATION CENTER
1615 H Street, N.W.
Washington, D.C. 20062
(202) 463-3187
slehotsky@uschamber.com

Timothy J. O'Connell
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101
(206) 624-0900
(206) 386-7500 FAX
Tim.oconnell@stoel.com

*Attorneys for Plaintiff
Chamber of Commerce of the
United States of America*

## CERTIFICATE OF SERVICE

I certify that on September 5, 2017, I electronically filed the foregoing brief with the United States Court of Appeals for the Ninth Circuit using the ECF system. All parties have consented to receive electronic service and will be served by the ECF system.

*/s/Michael A. Carvin*
Michael A. Carvin
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
(202) 879-3939
(202) 616-1700 FAX
mcarvin@jonesday.com
